Pfeifer, J.,
concurring in judgment only.
{¶ 29} I concur in the judgment of the majority but disagree with how it got there. The majority opinion is based upon this court’s decision in Corban v. Chesapeake Exploration, L.L.C.,— Ohio St.3d —, 2016-Ohio-5796, — N.E.3d —. I dissented from the portion of the judgment in Corban that the majority relies on in this case. In Corban, I would have held that former R.C. 5301.56, the 1989 version of the Ohio Dormant Mineral Act, Sub.S.B. No. 223, 142 Ohio Laws, Part I, 981 (“1989 ODMA”), automatically reunited mineral rights and surface rights in the owner of the surface property in the absence of any saving event in any 20-year period within the 1989 ODMA’s purview. The lead opinion in Corban states that the ODMA is not self-executing, that instead, “the surface holder was required to bring a quiet title action seeking a decree that the mineral rights had been abandoned in order to merge those rights into the surface *93 estate.” Corban at ¶ 40. Regardless, even under my interpretation of the 1989 ODMA, the interests of appellees Nile and Katheryn Batman were preserved by two saving events: the 1981 recording of Frances Batman’s “Affidavit and Notice of Claim of Interest in Land” and the 1989 filing of Frances Batman’s will in the Belmont County Probate Court and the Belmont County Recorder’s Office. Thus, there was no 20-year period during the purview of the 1989 ODMA without some preservation of the Batman interest, and therefore, there was no reunification of the mineral rights with the surface rights.
Lancione, Lloyd & Hoffman Law Offices Co., L.P.A., Richard L. Lancione, and Tracey Lancione Lloyd, for appellants in both cases.
Geiger, Teeple, Robinson & McElwee, P.L.L.C., and Bruce E. Smith, for appellees Nile E. and Katheryn Batman in both cases.
Kincaid, Taylor & Geyer, Scott D. Eickelberger, William J. Taylor, David J. Tarbert, and Ryan H. Linn, for appellee Hess Ohio Developments, L.L.C., in case No. 2015-0120.
Steptoe & Johnson, P.L.L.C., Lyle B. Brown, and J. Kevin West, for appellees Equity Oil & Gas Funds, Inc., and Reserve Energy Exploration Company, in case No. 2015-0121..
Zeiger, Tigges & Little, L.L.P., Marion H. Little Jr., and Christopher J. Hogan, for appellees XTO Energy, Inc., and Phillips Exploration, Inc., in case No. 2015-0121.
{¶ 30} We learned in oral argument that the root of the Batman interest came from bartering undertaken by Nile Batman’s great-great-grandfather, a dentist who traded dental care for interests in his patients’ mineral rights; he put them in dentures and they gave him indentures. Hopefully, there were no hard fillings. Now his patience with those mineral rights has paid off for his progeny, a crowning achievement, even if the prices for the commodities involved have receded somewhat from their crest. Somewhere, the good doctor is smiling, knowing that ancient fees owed for drilling and extractions have been paid many times over by fees paid for drilling and extraction. He wouldn’t care that the 1989 ODMA has been rendered toothless.
O’Neill, J., concurs in the foregoing opinion.